**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1832
_____

AMERICAN CHIROPRACTIC ASSOCIATION, on its own behalf and in a
representational capacity on behalf of its members;
STEVEN G. CLARKE, D.C., individually, and on behalf of all other similarly situated
Doctors of Chiropractic;
CAROL A. LIETZ, individually, and on behalf of all other similarly situated health
insurance subscribers,

Appellants

v.

AMERICAN SPECIALTY HEALTH INCORPORATED;
AMERICAN SPECIALTY HEALTH NETWORKS, INC;
CONNECTICUT GENERAL LIFE INSURANCE COMPANY;
CIGNA CORPORATION
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 2-12-cv-07243)
District Judge: Honorable Nitza I. Quinones Alejandro
_____

Argued: November 19, 2014
_____

Before CHAGARES, HARDIMAN, and SHWARTZ, <u>Circuit Judges</u>

(Filed: September 11, 2015 )

D. Brian Hufford, Esq. [ARGUED]
Jason S. Cowart, Esq.
Zuckerman Spaeder

1185 Avenue of the Americas
31st Floor
New York, NY 10036

Anthony F. Maul, Esq.
Suite 201
68 Jay Street
Brooklyn, NY 11201

Catherine Pratsinakis, Esq.
Steven A. Schwartz, Esq.
Chimicles & Tikellis
361 West Lancaster Avenue
One Haverford Centre
Haverford, PA 19041

Joe R. Whatley, Jr. Esq.
Whatley, Drake & Kallas
1540 Broadway
37th Floor
New York, NY 10036

Counsel for the Appellants

Joshua B. Simon, Esq. [ARGUED]
Warren Haskel, Esq.
Frank M. Holozubiec, Esq.
William H. Pratt, Esq.
Kirkland & Ellis
601 Lexington Avenue
New York, NY 10022

Michael P. Daly, Esq.
Richard M. Haggerty, Jr., Esq.
Drinker, Biddle & Reath
18th & Cherry Streets
One Logan Square, Suite 2000
Philadelphia, PA 19103

Andrew Z. Edelstein, Esq.
Elizabeth D. Mann, Esq.
Mayer Brown

2

355 South Grand Avenue
Suite 3800
Los Angeles, CA 90071

Charles A. Rothfeld, Esq.
Mayer Brown
1999 K. Street, N.W.
Washington, DC 20006

Francine F. Griesing, Esq.
Kathryn G. Legge, Esq.
Griesing Law
1717 Arch Street
Suite 360
Philadelphia, PA 19103

    Counsel for the Appellees

_____

OPINION[*]
_____

SHWARTZ, <u>Circuit Judge</u>.

The District Court dismissed this putative class action against American Specialty

Health, Inc. and American Specialty Health Networks, Inc. (collectively, "ASHN") and

Cigna Corporation and Connecticut General Life Insurance Company (collectively,

"CIGNA"), for alleged violations of the Employee Retirement Income Security Act of

1974 ("ERISA") related to claims processing and benefit determinations. For the reasons

set forth herein, we affirm in part, vacate in part, and remand for further proceedings.

I[1]

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CIGNA issues ERISA-governed health insurance plans, oversees coverage decisions, and provides for payment or reimbursement of benefits to its subscribers. CIGNA "delegate[s]" to ASHN, a network of more than 21,000 chiropractors that contracts with health plans, the responsibility for administering its chiropractic-related insurance claims. JA 54.

Carol A. Lietz is a subscriber to a CIGNA plan,[2] who received chiropractic services from a chiropractor within the CIGNA network. Lietz's chiropractor submitted a claim to ASHN for reimbursement for these services. Although Lietz's chiropractor received $88.00, the "Explanation of Benefits" form ("EOB") Lietz received from CIGNA stated that the amount billed to her account, and hence applied to her deductible, was $127.28. Lietz alleges that nothing in the EOB stated that her account would be billed for more than the $88.00 her provider received. Lietz complained to her chiropractor about the charge. When he asked ASHN to explain why he received less than the $127.28 reported to Lietz, ASHN simply told him that he was reimbursed in accordance with the fee schedule set forth in his contract with ASHN and that any other agreements concerning the transaction were confidential.

---

[1] Because we are reviewing orders dismissing claims based upon Fed. R. Civ. P. 12(b)(1) for lack of standing and 12(b)(6) for failure to state a claim and no other evidence was provided, we draw these facts from the complaint and assume they are true. In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012).

[2] The Court granted CIGNA's motion to supplement the record with an affidavit asserting that Lietz was not a participant in her ERISA-governed CIGNA plan after the Complaint was filed.

4

Steven G. Clarke is a chiropractor with High Street Rehabilitation, LLC, whose patients include those covered by CIGNA health plans. He accepts assignments from CIGNA insureds that authorize him to receive payment from CIGNA for the services he provides. The "Assignment of Benefits" ("AOB") forms state:

> I authorize payment of medical benefits to High Street Rehabilitation, LLC for all services rendered. I understand that I am financially responsible for all charges whether or not they are paid by insurance (commercial, worker's compensation, auto, etc.). In the event of an unpaid balance, I am aware that my bill will be sent to the collection agency and that I will be held responsible for any and all charges incurred, including attorney fees.

JA 78. He contends that this AOB grants him "standing to pursue the ERISA claims." JA 48. He alleges that ASHN and CIGNA did not pay him the amounts to which he was entitled and seeks, among other things, reimbursement for his services.[3]

The American Chiropractic Association ("ACA") is a national association of chiropractors that seeks to "promote the chiropractic profession and the services of Doctors of Chiropractic for the benefit of patients they serve." JA 50. ACA does this by, among other things, assisting chiropractors and patients who "have been negatively impacted by improper insurance company policies and procedures." JA 50.

---

[3] Clarke also alleged that the AOB entitled him to obtain other equitable relief but he withdrew that claim during oral argument. See Oral Argument at 3:42, N. Jersey Brain & Spine Ctr. v. Aetna, Inc. (No. 14-2101), available at http://www2.ca3.uscourts.gov/oralargument/audio/14-2101NJBrainSpineCenterv.Aetna.mp3. As a result, the summary of the Complaint omits references to the equitable relief he sought.

Lietz, Clarke, and ACA filed a three-count putative class action complaint alleging that ASHN and CIGNA violated ERISA. Count I is an ERISA benefits claim under 29 U.S.C. § 1132(a)(1)(B). It targets, among other things, CIGNA and ASHN's allegedly false and misleading EOBs that "reported a billed amount that was different from the amount actually billed by the provider[] and where the allowed amount was different from the allowed amount reported to the provider." JA 114-15. Lietz seeks to enjoin CIGNA and ASHN from "pursuing the[se] policies," and Clarke and Lietz seek "reimburse[ment of] benefits which were denied or reduced as a result of such policies." JA 116. Lietz and ACA also seek "declaratory and injunctive relief" to enforce the plan terms and to "clarify their rights to future benefits." JA 116.

Count II is an ERISA breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(3). It alleges that CIGNA and ASHN breached their fiduciary duties under ERISA through "falsification of EOBs" and "various ASHN policies which are designed to discourage the provision of chiropractic care." JA 116. Lietz and ACA seek "appropriate equitable relief," including the removal of CIGNA and ASHN as fiduciaries of their ERISA plans. JA 117.

Count III alleges that CIGNA and ASHN have violated various state anti-discrimination, prompt pay, and "utilization management" statutes for which ACA alone seeks "appropriate declaratory and injunctive relief." JA 117.

The District Court dismissed the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of statutory standing and for failure to state a claim. As to Lietz, the

District Court held that she failed to show that she exhausted the administrative remedies set forth in CIGNA's plan or that doing so would be futile. As to Clarke, the District Court held that he lacked standing because the AOB assigned him only the right to receive reimbursement from his patient's insurance carrier, not the right to "pursue litigation under ERISA." Am. Chiropractic Ass'n v. Am. Specialty Health Inc., 14 F. Supp. 3d 619, 628 (E.D. Pa. 2014). Finally, as to ACA, the District Court held that it lacked associational standing because it failed to show that any of its members had standing in their own right and that its claims would not require their individualized participation.

## II[4]

We conduct plenary review of an order dismissing a complaint under Rule 12(b)(1) for lack of standing and 12(b)(6) for failure to state a claim. In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). When reviewing both types of dismissals, we "must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party." Id. We will address Lietz's, Clarke's, and ACA's claims in turn.

## III

### A

---

[4] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

7

The District Court dismissed Lietz's claims for failing to exhaust her administrative remedies or to show that she should be excused from having to exhaust them. Except in limited circumstances, we "will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." Harrow v. Prudential Ins. Co. of Am., 279 F.3d 244, 249 (3d Cir. 2002) (quotation marks omitted). Exhaustion is a judicially created "nonjurisdictional prudential" requirement, Metro. Life Ins. Co. v. Price, 501 F.3d 271, 279 (3d Cir. 2007), that plaintiffs must satisfy for ERISA benefits claims but not for claims arising from violations of ERISA's substantive provisions, such as breach of fiduciary duty claims, Zipf v. Am. Tel. & Tel. Co., 799 F.2d 889, 891-93 (3d Cir. 1986). The ERISA exhaustion requirement is an affirmative defense, so the defendant bears the burden of proving failure to exhaust. Price, 501 F.3d at 280; Paese v. Hartford Life & Accident Ins. Co., 449 F.3d 435, 446 (2d Cir. 2006).[5]

Here, the District Court erred by shifting the burden onto Lietz to establish that she had exhausted her administrative remedies instead of requiring CIGNA and ASHN to demonstrate that she had not. See, e.g., Price, 501 F.3d at 280 (citing Paese, 449 F.3d at 446). It cannot be conclusively established from the complaint whether Lietz failed to adequately pursue her administrative remedies or whether it would have been futile for her to have done so given the allegations that the defendants misled her about the benefits

---

[5] Because the exhaustion defense often requires consideration of materials outside the pleadings and is thus typically resolved on summary judgment, see, e.g., Harrow, 279 F.3d at 249-52, it is not generally the basis for dismissal under Rule 12(b)(6). Whether failure to exhaust "may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract." Jones v. Bock, 549 U.S. 199, 215 (2007).

she was receiving and employed a uniform policy of denying similar benefits requests. We will therefore vacate the District Court's dismissal of Lietz's claims in Count I.[6]

The District Court also erred in dismissing Count II on exhaustion grounds. Count II purports to assert a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3). As stated above, we generally apply the exhaustion requirement only to a claim "for a denial of ERISA benefits," not to one "arising from violations of [ERISA's] substantive statutory provisions." Harrow, 279 F.3d at 252. While it is true that the exhaustion requirement may still apply where an ERISA benefits claim is merely "recast" or "artfully plead[ed]" as one for breach of fiduciary duty, id. at 252-53, the District Court did not conduct this analysis.[7] Thus, we are left to conclude that the District Court simply applied its exhaustion ruling to a cause of action for which exhaustion may not have been required. For these reasons, we will vacate the dismissal of Count II.

This, however, does not end our discussion concerning Lietz's claims. After this appeal was filed, CIGNA supplemented the record asserting that Lietz is no longer a

---

[6] Nothing herein bars the parties from addressing exhaustion via summary judgment motions.

[7] An ERISA fiduciary duty claim is "actually" one for benefits "where the resolution of the claim rests upon an interpretation and application of an ERISA-regulated plan rather than upon an interpretation and application of ERISA." Harrow, 279 F.3d at 254 (quotation marks omitted); compare id. at 254-55 (classifying plaintiff's challenge to denial of coverage for Viagra prescriptions a benefits claim rather than a breach of fiduciary duty claim), with In re Unisys Corp. Retiree Med. Benefit ERISA Litig., 57 F.3d 1255, 1264 (3d Cir. 1995) ("[W]hen a plan administrator affirmatively misrepresents the terms of a plan or fails to provide information when it knows that its failure to do so might cause harm, [it] has breached its fiduciary duty . . . ."). We leave for the District Court to decide whether Count II states a breach of fiduciary claim, is actually one for benefits, or neither.

participant in a CIGNA plan. As a result, there is a question as to whether she is entitled to pursue her requests for declaratory or injunctive relief. We will therefore remand to the District Court to decide whether she remains a CIGNA participant or beneficiary and, if not, whether that renders moot her claims seeking declaratory or injunctive relief. See Harrow, 279 F.3d at 249.

B

We next review the dismissal of Clarke's reimbursement claim for lack of standing. A plaintiff must have "constitutional, prudential, and statutory standing" to bring a civil action under ERISA. Leuthner v. Blue Cross & Blue Shield of Ne. Pa., 454 F.3d 120, 125 (3d Cir. 2006). ERISA allows a "participant [in] or beneficiary" of an ERISA plan to bring a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). A medical provider may also "obtain standing to sue by assignment from a plan participant." CardioNet, Inc. v. CIGNA Health Corp., 751 F.3d 165, 176 n.10 (3d Cir. 2014).

Here, Clarke received an assignment from his patients "authoriz[ing] payment of medical benefits to High Street Rehabilitation, LLC for all services rendered."[8] JA 78. We recently held that an assignment of the right to payment also assigns the right to

---

[8] For the reasons set forth in note 3, supra, Clarke is deemed to have withdrawn his requests for declaratory and injunctive relief under Count I and for any relief under Count II.

10

enforce that right by bringing suit under ERISA to collect money owed.[9]  N. Jersey Brain

& Spine Ctr. v. Aetna, Inc., No. 14-2101, --- F.3d --- (3d Cir. Sept. 11, 2015).  Such an

assignment "serves the interest of patients by increasing their access to care" and reduces

the likelihood of medical providers "billing the beneficiary directly and upsetting his

finances."  CardioNet, 751 F.3d at 179 (quotation marks omitted).  Moreover, the right to

enforce recognizes that, as compared to patients, most providers "are better situated and

financed to pursue an action for benefits owed for their services."  Conn. State Dental

Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1352-53 (11th Cir. 2009) (quotation

marks omitted).

While Clarke's assignment made clear that the patient remained "financially

responsible for all charges whether or not they are paid by insurance," JA 78, this does

not mean that the assignment did not give him the right to take steps to collect payment

---

[9] Our ruling is consistent with those reached by our sister circuit courts. Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 330-32 (2d Cir. 2011) (holding that the medical provider's having been assigned the "right to reimbursement" from its patients "forms the ERISA-related basis for legal action regarding those claims for reimbursement" (quotation marks omitted)); Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1352 (11th Cir. 2009) ("Our own cases confirm that assignment of the right to payment is enough to create standing."); Tango Transp. v. Healthcare Fin. Servs. LLC, 322 F.3d 888, 894 (5th Cir. 2003) ("denying derivative standing to health care providers would harm participants or beneficiaries because it would discourage providers from becoming assignees and possibly from helping beneficiaries who were unable to pay them up-front" (quotation marks omitted)); I.V. Servs. of Am., Inc. v. Inn Dev. & Mgmt., Inc., 182 F.3d 51, 54 n.3 (1st Cir. 1999) ("Benefits Assignment Form" at issue "easily clears th[e] low hurdle" of ERISA standing notwithstanding that form allegedly "only assigned" plan participant's right to "receive payments, not her other rights, including the right to file suit"); Misic v. Bldg. Serv. Emps. Health & Welfare Trust, 789 F.2d 1374, 1376, 1379 (9th Cir. 1986) (finding derivative standing for dentist who "provided dental services to beneficiaries of the trust, who in return assigned Dr. Misic their rights of reimbursement from the trust").

from the patient's insurer.[10]  As other courts have held, a patient's continued responsibility to pay her provider amounts not covered by the insurance carrier is not a basis to vitiate the assignment.  See, e.g., Tango Transp. v. Healthcare Fin. Servs. LLC, 322 F.3d 888, 889, 892-93 (5th Cir. 2003).  It is fair "to expect that a patient who receives medical care will be required to pay for it," Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 330 (2d Cir. 2011), and that "[i]f provider-assignees cannot [obtain an assignment to] sue the ERISA plan for payment, they will bill the participant or beneficiary directly for the insured medical bills." Cagle v. Bruner, 112 F.3d 1510, 1515 (11th Cir. 1997) (per curiam).  Thus, the AOB affords Clarke standing to sue his

---

[10] We note that Clarke's AOB assigns him the right to sue his patient's insurance company—presumably depriving the patient of this right—and the right to seek payment from his patient.  It does not, however, require Clarke to first seek payment from the insurance company.  Thus, the AOB could place the patient in the position of being sued for payment by the doctor but being precluded from obtaining reimbursement from the insurance company because she gave that right to the doctor.  Because this appeal concerns Clarke's invocation of the AOB only to sue CIGNA and ASHN, we need not address whether this scenario vitiates the assignment.

patients' insurers for reimbursement for services he provided,[11] and we will therefore vacate the order dismissing Clarke's claims for reimbursement under Count I.[12]

C

Finally, we examine the District Court's dismissal of ACA's claims for lack of associational standing. Generally, an association or organization "may" have standing to sue "where (1) the organization itself has suffered injury to the rights and/or immunities it enjoys; or (2) where it is asserting claims on behalf of its members and those individual members have standing to bring those claims themselves." Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 279 (3d Cir. 2014). When an association or organization sues on behalf of its members—as here—"it is claiming that it has representational standing." Id. An entity has associational or representational standing when:

> (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

---

[11] Clarke also has Article III standing to pursue this relief, as he alleges that he sustained an injury in fact by the defendants' failure to fully pay for the services he rendered that he contends were covered by the CIGNA plan. See Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc., 770 F.3d 1282, 1287-91 (9th Cir. 2014) (holding that medical provider had Article III standing under form assigning its patients' "rights and benefits" even though medical provider "ha[d] not sought payment from its assigning patients for any shortfall" prior to bringing suit); N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare, 781 F.3d 182, 193-94 (5th Cir. 2015) (following Spinedex and noting that "[t]he fact that the patient assigned her rights elsewhere does not cause them to disappear" so as to deprive provider–assignee Article III standing).

[12] Because Clarke's assignment places him in the shoes of his CIGNA-insured patients, Clarke must satisfy any applicable pre-suit conditions before suing for reimbursement, such as exhaustion. We leave for the District Court to determine whether Clarke has done so or should be excused from doing so.

Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 405 (3d Cir. 2005) (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 343 (1977)).

To meet the first prong, the association must allege facts demonstrating that its members "would have standing in their own right." Goode v. City of Phila., 539 F.3d 311, 325 (3d Cir. 2008). In practice, this means that the association "must 'make specific allegations establishing that at least one identified member had suffered or would suffer harm.'" Blunt, 767 F.3d at 280 (quoting Summers v. Earth Island Inst., 555 U.S. 488, 498 (2009)). Under the second prong, the interests that the association seeks to protect must be germane to its purpose. Under the third prong, the association must demonstrate that neither its claims nor its requested relief "requires the participation of individual members in the lawsuit." Hunt, 432 U.S. at 343. While the need for "some" level of individual participation "does not necessarily bar associational standing," Pa. Psychiatric Soc'y v. Green Spring Health Servs., Inc., 280 F.3d 278, 283 (3d Cir. 2002), such standing is permitted only where the claims do not require "a fact-intensive-individual inquiry," id. at 286. Because claims for monetary relief often require such an individual inquiry, associations "generally" cannot sue for monetary damages. Id. at 284; United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc., 517 U.S. 544, 546 (1996). Where associations seek injunctive or declaratory relief, however, participation of the individual members "may be unnecessary." Pa. Psychiatric Soc'y, 280 F.3d at 284 n.3.

Applying these considerations, we conclude that ACA lacks associational standing. Although Clarke, an individual member, has standing, he only seeks monetary reimbursement for services he provided to CIGNA-insured patients. The scope of his standing thus permits him to seek a type of relief that associations generally are not permitted to pursue on their members' behalf. Blunt, 767 F.3d at 289 (finding no associational standing where "individual student plaintiffs are seeking monetary reimbursement" such that "organizational representation of th[em would be] insufficient without their personal participation in this litigation"). Because ACA has not shown that any of its members possess standing to seek non-monetary relief, ACA lacks representational standing and the District Court correctly dismissed its ERISA and state law claims. Goode, 539 F.3d at 325.[13]

IV

For the foregoing reasons, we will: (1) with respect to Count I, vacate the order dismissing Lietz's claims and Clarke's claims for reimbursement and remand, but affirm the order dismissing ACA's claims; (2) with respect to Count II, vacate the order dismissing Lietz's claims and remand, but affirm the order dismissing Clarke's and ACA's claims; and (3) with respect to Count III, affirm the order dismissing ACA's claims.

---

[13] The District Court declined to exercise supplemental jurisdiction over the state law claims ACA alleged in Count III, 28 U.S.C. § 1367(c). We may affirm this dismissal "on any ground supported by the record," Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), and do so here.