**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1482
_____

DARRELL PRINCE,
                    Appellant

v.

US GOVERNMENT; OFFICE OF THE PRESIDENT;
SUPREME COURT UNITED STATES; US CONGRESS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-06702)
District Judge:  Honorable Juan R. Sánchez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 1, 2017
Before:  AMBRO, KRAUSE and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 5, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Darrell Prince appeals the District Court's *sua sponte* dismissal of his complaint for lack of standing. For the reasons discussed below, we will affirm the District Court's judgment.

The complaint is a mix of vague allegations concerning the recent election of President Donald Trump. It principally alleges a flawed apportionment of Electoral College voters and federal representatives, in violation of Section 2 of the Fourteenth Amendment, and it additionally contends that President Trump's financial holdings give him "unprecedented opportunities" to violate the Emoluments Clause. Doc. No. 3 at 1-3. Filed in December 2016 (after the 2016 presidential election, but before Inauguration Day), the complaint sought "an immediate delay in the electoral college proceedings, until these matters can be worked out."[1] Doc. No. 3-1 at 1.

This Court exercises plenary review over district court orders dismissing a complaint for lack of standing. N. Jersey Brain & Spine Ctr. v. Aetna, Inc., 801 F.3d 369, 371 (3d Cir. 2015). To establish Article III standing, a plaintiff must demonstrate: (1) an injury-in-fact; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision. See Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2341 (2014); Finkelman v. Nat'l Football League, 810 F.3d 187, 193 (3d Cir. 2016). Of these three required elements for standing, "the injury-in-fact element is often determinative."

---

[1] Though some aspects of Prince's suit may now be moot, we need not resolve this appeal on mootness grounds; standing is a similarly fundamental justiciability doctrine used to enforce the "constitutional limitation of federal-court jurisdiction to actual cases or controversies." Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009) (quotations omitted).

Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 138 (3d Cir. 2009) (citations omitted). Here the injury-in-fact element is determinative.

For there to be an injury-in-fact, a plaintiff must claim "the invasion of a concrete and particularized legally protected interest" resulting in harm "that is actual or imminent, not conjectural or hypothetical." Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 278 (3d Cir. 2014) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). In this regard, "'[the Supreme Court] ha[s] consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.'" Lance v. Coffman, 549 U.S. 437, 439 (2007) (quoting Lujan, 504 U.S. at 573-74); see also Warth v. Seldin, 422 U.S. 490, 499 (1975) ("[W]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction.") (citation omitted).

We agree with the District Court that Prince lacks standing to bring this suit because he has suffered no injury particularized to him. Indeed, we have already determined that individuals such as Prince lack standing to challenge a President's eligibility to serve. See Berg v. Obama, 586 F.3d 234, 240 (3d Cir. 2009) (holding that a plaintiff pursuing a claim that President Barack Obama was ineligible to run for, and serve as, President of the United States, lacked standing because "his 'interest in proper application of the Constitution and laws[]'" was shared with all voters; and that the

3

"relief he sought would have 'no more directly tangibly benefit[ed] him than . . . the public at large.") (quoting <u>Lujan</u>, 504 U.S. at 573-74)).  Accordingly, the District Court did not err when it dismissed Prince's complaint, and it did not abuse its discretion in doing so without leave to amend.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).  The motion for oral argument is denied.