**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1437
_____

IN RE: DARRELL SANFORD PRINCE,
                                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2:16-cv-06702)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 13, 2023
Before:  JORDAN, SHWARTZ, and SCIRICA, Circuit Judges

(Opinion filed: April 21, 2023)
_____

OPINION*
_____

PER CURIAM

In 2016, Darrell Prince filed suit in the United States District Court for the Eastern

District of Pennsylvania, raising claims related to that year's presidential election. We

affirmed the district court's order dismissing the case for lack of standing. See Prince v.

U.S. Gov't, 697 F. App'x 134, 135 (3d Cir. 2017) (per curiam).

In 2020, Prince filed suit in the United States District Court for the District of

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Columbia, raising claims related to that year's presidential election. The district court's order of dismissal, predicated on Prince's lack of standing, was affirmed on appeal. See Prince v. Kobach, 848 F. App'x 2, 2-3 (D.C. Cir. 2021) (per curiam order).

In 2023, Prince filed a pro se petition for a writ of mandamus. Among other things, Prince requests that this Court reopen the above-referenced cases, "quell public Controversy over the Election of 2020, and 2016," answer certain questions about "Legislative Apportionment" and "Election Mechanics," and "[i]ssue orders for first-priority processing of government records or Agency oversight to aid in investigations[.]"

We conclude, after careful review of the record and Prince's petition, that he satisfies none of the criteria for mandamus relief. Cf. Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (requiring "that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances") (citation and internal quotation marks omitted). Accordingly, the petition will be denied.