**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2101
_____

NORTH JERSEY BRAIN
& SPINE CENTER,
                              Appellant

v.

AETNA, INC.

Appeal from the United States District
Court for the District of New Jersey
(No. 2-13-cv-05286)
District Judge:  Hon. William J. Martini

_____

Argued:  November 19, 2014
_____

Before:  CHAGARES, HARDIMAN, and SHWARTZ,
<u>Circuit Judges</u>.

(Filed: September 11, 2015)

Eric D. Katz, Esq. [ARGUED]
David M. Estes, Esq.
Mazie Slater Katz & Freeman, LLC
103 Eisenhower Parkway
Roseland, NJ 07068

      Counsel for Appellant

Edward S. Wardell, Esq. [ARGUED]
Christine S. Orlando, Esq.
Thomas Vecchio, Esq.
Thomas M. Blewitt, Jr., Esq.
Connell Foley LLP
Liberty View Building
457 Haddonfield Road, Suite 230
Cherry Hill, NJ 08002

      Counsel for Appellee

D. Brian Hufford, Esq. [ARGUED]
Jason S. Cowart, Esq.
Zuckerman Spaeder
1185 Avenue of the Americas, 31st Floor
New York, NY 10036

      Counsel for Amici Curiae American Medical
Association, Medical Society of New Jersey

Michael P. Abate, Esq.
Dinsmore & Shohl
801 Pennsylvania Avenue, N.W.
Washington, DC 20004

      Counsel for Amici Curiae Americas Health
Insurance Plans

_____

OPINION
_____

CHAGARES, Circuit Judge.

This is an action for unpaid insurance benefits brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Plaintiff North Jersey Brain & Spine Center ("NJBSC") appeals an order entered by the United States District Court for the District of New Jersey dismissing its complaint for lack of standing under ERISA. The question presented on appeal is whether a patient's explicit assignment of payment of insurance benefits to her healthcare provider, without direct reference to the right to

2

file suit, is sufficient to give the provider standing to sue for those benefits under ERISA § 502(a), 29 U.S.C. § 1132(a). Because we find that such an assignment does confer standing, we will reverse the order of the District Court and remand this action for further proceedings.

## I.

NJBSC is a neurosurgical medical practice located in Bergen County, New Jersey. NJBSC treated three patients who were members of ERISA-governed healthcare plans administered by defendant-appellee Aetna, Inc. Prior to surgery, each patient executed an assignment that read, in relevant part: "I authorize [NJBSC] to appeal to my insurance company on my behalf. . . . I hereby assign to [NJBSC] all payments for medical services rendered to myself or my dependents." Appendix ("App.") 21. NJBSC reserved the right to bill the patients for any amount not covered by their insurance. Following treatment, Aetna allegedly underpaid or refused to pay claims for each of the patients. NJBSC filed suit against Aetna in the New Jersey Superior Court for non-payment of benefits pursuant to § 502(a) of ERISA, 29 U.S.C. § 1132(a). Aetna removed the case to the United States District Court for the District of New Jersey.

On March 6, 2014, the District Court dismissed NJBSC's complaint, holding that the assigned rights to payment did not give NJBSC standing to sue under ERISA. The District Court acknowledged, both in its March 6 opinion and in its order permitting NJBSC to file this interlocutory appeal, that the district was split as to whether an assignment of payments was sufficient to confer standing under § 502(a).[1]

---

[1] Compare Wayne Surgical Ctr., LLC v. Concentra Preferred Sys., Inc., No. 06-928, 2007 WL 2416428, at *4 (D.N.J. Aug. 20, 2007) ("[I]t is illogical to recognize that . . . a valid assignee has a right to receive the benefit of direct reimbursement from its patients' insurers but cannot enforce this right."), with MHA, LLC v. Aetna Health, Inc., No. 12-2984, 2013 WL 705612, at *7 (D.N.J. Feb. 25, 2013) ("[T]he Court respectfully disagrees with the view that there is no

## II.[2]

This Court exercises plenary review over district court orders dismissing a complaint for lack of standing. <u>Baldwin v. Univ. of Pittsburgh Med. Ctr.</u>, 636 F.3d 69, 74 (3d Cir. 2011). "[W]hen standing is challenged on the basis of the pleadings, we accept as true all material allegations in the complaint, and . . . construe the complaint in favor of the complaining party." <u>FOCUS v. Allegheny Cnty. Court of Common Pleas</u>, 75 F.3d 834, 838 (3d Cir. 1996) (quoting <u>Pennell v. City of San Jose</u>, 485 U.S. 1, 7 (1988) (quotation marks omitted)).[3]

---

distinction between an assignment of a right to payment and an assignment of plan benefits. It is only the latter that creates derivative standing in a provider assignee to sue under § 502." (internal quotation marks and citations omitted)).

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. Because the District Court "certifie[d] in writing that its order involve[d] 'a controlling question of law as to which there is substantial ground for difference of opinion[,]'" this Court has jurisdiction to review NJBSC's interlocutory appeal. <u>Johnson v. SmithKline Beecham Corp.</u>, 724 F.3d 337, 340 n.4, 344-45 (3d Cir. 2013) (quoting 28 U.S.C. § 1292(b)).

[3] The motion to dismiss before the District Court was filed under Federal Rule of Civil Procedure 12(b)(6). Ordinarily, Rule 12(b)(1) governs motions to dismiss for lack of standing, as standing is a jurisdictional matter. But the Supreme Court has warned that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500, 516 (2006). Several United States Courts of Appeals have therefore treated challenges to a plaintiff's status as an ERISA plan "participant" as nonjurisdictional. <u>See, e.g.</u>, <u>Leeson v. Transamerica Disability Income Plan</u>, 671 F.3d 969, 978 (9th Cir. 2012); <u>Lanfear v. Home Depot, Inc.</u>, 536 F.3d 1217, 1221 (11th Cir. 2008); <u>Harzewski v. Guidant Corp.</u>, 489 F.3d 799, 803-04 (7th Cir. 2007). This case deals with a party claiming derivative rather than direct status as a participant,

III.

Section 502(a) of ERISA empowers "a participant or beneficiary" to bring a civil action "to recover benefits due to him under the terms of his plan."  29 U.S.C. 1132(a). See Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 400 (3d Cir. 2004) (citing 29 U.S.C. § 1132(a)(1)(B)).  A "participant" is "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit."  29 U.S.C. § 1002(7).  A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."  Id. § 1002(8).  Healthcare providers that are neither participants nor beneficiaries in their own right may obtain derivative standing by assignment from a plan participant or beneficiary.  CardioNet, Inc. v. Cigna Health Corp., 751 F.3d 165, 176 n.10 (3d Cir. 2014).

This case presents the question of what type of assignment is necessary to confer derivative standing.  NJBSC argues that an assignment of the right to payment is sufficient.  Aetna, by contrast, urges us to hold that an assignment must explicitly include not just the right to

---

but that does not change the analysis.  Whether NJBSC has gained derivative status involves a merits-based determination.  This is not a case where an alleged federal claim "appears to be immaterial and made solely for the purpose of obtaining jurisdiction."  Bell v. Hood, 327 U.S. 678, 682 (1946).  Therefore, the motion to dismiss was properly filed under Rule 12(b)(6).  For purposes of our review, however, a motion for lack of statutory standing is effectively the same whether it comes under Rule 12(b)(1) or 12(b)(6).  See Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 83 n.7 (3d Cir. 2011) ("Under most circumstances, '[a] dismissal for lack of statutory standing is effectively the same as a dismissal for failure to state a claim.'" (quoting Baldwin, 636 F.3d at 73).

payment but also the patient's legal claim to that payment if a provider is to file suit.[4]

ERISA itself is silent on the issue of derivative standing and assignments. In such situations, "it is well settled that Congress intended that the federal courts would fill in the gaps by developing, in light of reason, experience, and common sense, a federal common law of rights and obligations imposed by the statute." Teamsters Pension Trust Fund of Phila. & Vicinity v. Littlejohn, 155 F.3d 206, 208 (3d Cir. 1998); see also Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 110 (1989) ("[W]e have held that courts are to develop a federal common law of rights and obligations under ERISA-regulated plans." (quotation marks omitted)).

We hold that as a matter of federal common law, when a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA § 502(a). An assignment of the right to payment logically entails the right to sue for non-payment. See I.V. Servs. of Am., Inc. v. Inn Dev. & Mgmt., Inc., 7 F. Supp. 2d 79, 84 (D. Mass. 1998) ("An assignment to receive payment of benefits necessarily incorporates the right to seek payment. . . . [T]he right to receive benefits would be hollow

---

[4] Both NJBSC and Aetna argue that we resolved this issue in prior opinions. Aetna contends that in Community Medical Center v. Local 464A UFCW Welfare Reimbursement Plan, 143 F. App'x 433, 436 (3d Cir. 2005), this Court recognized a distinction between an assignment of benefits and an assignment of the legal claim to those benefits. But the distinction was made in dicta, and in any case Community Medical Center was a non-precedential opinion. NJBSC claims we held in CardioNet that a provider with derivative standing may assert "whatever rights the assignor[s] possessed." 751 F.3d at 178. But that statement applied to the CardioNet plaintiffs specifically, not provider-assignees generally. The assignment at issue in CardioNet expressly included "all . . . rights (without limitation) under the Employee Retirement Income Security Act of 1974 . . . along with any other rights under federal or state law that [they] may have as related to the reimbursement of coverage for the uncovered treatment." Id. (quotation marks omitted). The assignments here do not contain such limitless language.

without such enforcement capabilities."). After all, the assignment is only as good as payment if the provider can enforce it. See Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1352 (11th Cir. 2009) ("[A]n assignment furthers ERISA's purposes only if the provider can enforce the right to payment."). Every United States Court of Appeals to have considered this question has found, as we do, that an assignment of benefits is sufficient to confer ERISA standing. See, e.g., id.; Tango Transp. v. Healthcare Fin. Servs. LLC, 322 F.3d 888, 889 (5th Cir. 2003) (holding that an assignment of the right to sue the insurer was valid where the assignment read, "I hereby assign payment of hospital benefits directly to Mississippi Baptist Medical Center herein specified and otherwise payable to me"); I.V. Servs. of Am. v. Inn Dev. & Mgmt., 182 F.3d 51, 54 n.3 (1st Cir. 1999) (holding that an assignment of only the right to payment "easily clear[ed]" the low hurdle of a colorable claim for derivative standing, and the argument that an assignment to receive payment did not include the right to file suit "wrongly conflate[d] two distinct inquiries" as to standing and scope (quotation marks omitted)); Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272, 1275 (6th Cir. 1991) (suggesting the assignment of all payments due under the terms of the contract was sufficient to give the assignee derivative standing); Misic v. Bldg. Serv. Emps. Health & Welfare Trust, 789 F.2d 1374, 1378-79 (9th Cir. 1986) (per curiam) (holding that the assignment of patients' rights to reimbursement gave a provider ERISA standing in their place).

In coming to the same conclusion as our sister circuits, we are guided by Congress's intent that ERISA "protect . . . the interests of participants in employee benefit plans," 29 U.S.C. § 1001(b), and our conviction that the assignment of ERISA claims to providers "serves the interests of patients by increasing their access to care." CardioNet, 751 F.3d at 179. It does not seem that the interests of patients or the intentions of Congress would be furthered by drawing a distinction between a patient's assignment of her right to receive payment and the medical provider's ability to sue to enforce

that right.[5]  The value of such assignments lies in the fact that providers, confident in their right to reimbursement and ability to enforce that right against insurers, can treat patients without demanding they prove their ability to pay up front. Patients increase their access to healthcare and transfer responsibility for litigating unpaid claims to the provider, which will ordinarily be better positioned to pursue those claims.  See Hermann Hosp. v. MEBA Med. & Benefits Plan, 845 F.2d 1286, 1289 n.13 (5th Cir. 1988) ("[P]roviders are better situated and financed to pursue an action for benefits owed for their services.").  These advantages would be lost if an assignment of payment of benefits did not implicitly confer standing to sue.  See Conn. State Dental, 591 F.3d at 1352.  As the United States Court of Appeals for the Fifth Circuit observed, if providers' "status as assignees does not entitle them to federal standing against [insurers], providers would either have to rely on the beneficiary to maintain an ERISA suit, or they would have to sue the beneficiary.  Either alternative . . . would discourage providers from becoming assignees and possibly from helping beneficiaries who were unable to pay them 'up-front.'"  Hermann Hosp., 845 F.2d at 1289 n.13; see also Cagle v. Bruner, 112 F.3d 1510, 1515 (11th Cir. 1997) (per curiam) ("If provider-assignees cannot sue the ERISA plan for payment, they will bill the participant or beneficiary directly for the insured medical bills, and the participant or beneficiary will be required to bring suit against the benefit plan when claims go unpaid. On the other hand, if provider-assignees can sue for payment of benefits, an assignment will transfer the burden of bringing suit from plan

---

[5] We note that where a provider retains the right to bill the patient for unpaid medical fees, interpreting an assignment of the right to payment as an assignment of the patient's § 502 claim could create a risk that, if the provider sought recourse against the patient instead of the insurer, the patient would be responsible for the bill for healthcare services but lack a § 502 remedy against her insurers.  Such a case would require a court to determine whether an implied term of the assignment is that a provider must make a reasonable effort to collect from the insurer before attempting to collect from the patient. Of course, that factual scenario is not before us as NJBSC has brought its claims against Aetna alone.  We therefore reserve that question for a case that requires its resolution.

participants and beneficiaries to providers[, who] are better situated and financed to pursue an action for benefits owed for their services." (quotation marks and citations omitted)).

We note, moreover, that reading an assignment of benefits to confer standing under § 502(a) advances the public interest in uniform interpretation of ERISA. It is a significant advantage for ERISA-plan participants if basic rules governing assignments and standing to sue do not change when they cross circuit lines. Cf. Menkes v. Prudential Ins. Co. of Am., 762 F.3d 285, 292 (3d Cir. 2014) (joining other United States Courts of Appeals in declining to unbundle closely related components of an ERISA plan and noting ERISA's goal of "uniform regulation 'is impossible . . . if plans are subject to different legal obligations in different States'"); Krishna v. Colgate Palmolive Co., 7 F.3d 11, 16 (2d Cir. 1993) ("There is a strong interest in uniform, uncomplicated administration of ERISA plans.").

Based on the practical concerns described above, Congress's intent to protect plan participants, the interests of increasing patients' access to healthcare, and the interest in uniform interpretation of ERISA, we conclude that an assignment of the right to payment is sufficient to confer standing to sue for payment under ERISA § 502(a)(1).

IV.

For the foregoing reasons, we will reverse the District Court's order dated March 6, 2014 and remand this action for further proceedings.

9