**ALD-134**                                                  **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 15-2837
_____

THOMAS E. ROBINSON, JR.,
                                    Appellant

v.

LANEKO ENGINEERING CO INC; WILLIAM JAMES DERRAH, SR.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:14-cv-05036)
District Judge:  Honorable Gerald J. Pappert

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 4, 2016

Before:  AMBRO, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed:  February 11, 2016)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Thomas Robinson, Jr., appeals pro se from the District Court's order granting summary judgment against him in this civil action. For the reasons that follow, we will summarily affirm that order.

I.

In 2014, Robinson commenced this action by filing a pro se civil complaint in the Court of Common Pleas of Montgomery County, Pennsylvania. The complaint, brought against Laneko Engineering Company ("Laneko") and its principal stockholder, sought to recover pension benefits allegedly due to Robinson's late father, who had been employed by Laneko and passed away in 2007. The defendants removed the case to federal court, asserting that the District Court had original jurisdiction because the case was governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

After the case was removed and discovery was conducted, the defendants moved for summary judgment. In support of that motion, the defendants argued that (1) Robinson lacked standing to pursue an action for the recovery of his father's alleged pension benefits, (2) the claim for benefits was barred by the statute of limitations, and (3) Robinson failed to establish that any benefits due to his father had not already been paid. On July 1, 2015, the District Court entered an order granting the defendants' motion over Robinson's objection. In doing so, the District Court agreed with the

defendants that the case was governed by ERISA, and that Robinson lacked standing.[1]

This timely appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "We review a district court's grant of summary judgment de novo, applying the same standard as the district court." S.H. ex rel. Durrell v. Lower Merion Sch. Dist., 729 F.3d 248, 256 (3d Cir. 2013). Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We may summarily affirm a district court's decision if the appeal fails to present a substantial question. See 3d Cir. I.O.P. 10.6.

For the reasons provided by the District Court in its summary judgment opinion, we agree with the District Court that ERISA governs this case. "Section 502(a) of ERISA empowers 'a participant or beneficiary' to bring a civil action 'to recover benefits due to him under the terms of his plan.'" N. Jersey Brain & Spine Ctr. v. Aetna, Inc., 801 F.3d 369, 372 (3d Cir. 2015) (quoting 29 U.S.C. § 1132(a)). A "participant" is "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). A "beneficiary," meanwhile, is "a person designated by a

---

[1] Because the District Court concluded that Robinson lacked standing, it did not address the defendants' other two arguments.

3

participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

In this case, it is undisputed that Robinson is not a "participant" under Laneko's pension plan, and he has failed to present evidence that he qualifies as a "beneficiary" under the plan. Accordingly, we agree with the District Court that he lacks standing to pursue a claim for the recovery of his father's pension benefits.[2] Although Robinson contends that (1) *his mother* is entitled to his father's pension benefits, and (2) she has given him (Robinson) permission to pursue those benefits on her behalf, the District Court correctly concluded that Robinson could not sue on his mother's behalf because he is a non-lawyer proceeding pro se. See 28 U.S.C. § 1654 (providing that a party may proceed in federal court "personally or by counsel"); cf. Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 883 (3d Cir. 1991) (holding that the appellant, a non-lawyer proceeding pro se, could not represent his children in federal court).

In light of the above, we agree with the District Court's decision to grant the defendants' motion for summary judgment. Because this appeal does not present a substantial question, we will summarily affirm the District Court's July 1, 2015 order.

---

[2] To the extent that Robinson's complaint could also be construed as raising a claim for breach of fiduciary duty under ERISA, see 29 U.S.C. § 1109, we agree with the District Court that he lacks standing to bring that claim, too. (See Dist. Ct. Mem. entered July 1, 2015, at 6 n.2 (citing 29 U.S.C. § 1132(a)(2)).)