**DLD-139**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3274
_____

EDWARD THOMAS KENNEDY,
            Appellant

v.

COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 5:18-cv-04071)
District Judge:  Honorable Gerald J. Pappert
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 21, 2019

Before:  JORDAN, GREENAWAY, JR. and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Filed August 14, 2019)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Edward Kennedy appeals from the dismissal of his complaint for

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

lack of standing. For the reasons that follow, we will summarily affirm the District

Court's judgment.

In September 2018, Kennedy filed a complaint in the District Court, challenging a

Pennsylvania statute that criminalizes harassment. He argues that he is entitled to

challenge the statute as "one of the people of Pennsylvania" because the statute "exceeds

the Commonwealth of Pennsylvania['s] . . . jurisdiction" and thus "the Plaintiff (and all

of we the people) is injured" due to a "loss of rights." Compl. at 1. Additionally,

Kennedy contends that "prosecuting attorneys employed by the [Commonwealth] settle

95% or mo[r]e of all criminal cases based on reliable sources plaintiff believes are

credible." Id. at 2. Ultimately, the District Court screened Kennedy's complaint

pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it without prejudice after

concluding that Kennedy lacked standing to pursue his claims. Kennedy timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[1] We exercise

---

[1] "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action," unless "the plaintiff cannot amend or declares his intention to stand on his complaint." Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). However, this principle does not apply "where the district court has dismissed based on justiciability and it appears that the plaintiff[] could do nothing to cure the[] complaint." Presbytery of N.J. of Orthodox Presbyterian Church v. Florio, 40 F.3d 1454, 1461 n.6 (3d Cir. 1994). In this case, the District Court dismissed Kennedy's complaint without prejudice and granted him 30 days to amend his complaint in an abundance of caution due to his pro se status, but there was no apparent basis upon which Kennedy could establish that he had standing to proceed. Further, even if the rule of Borelli applied here, Kennedy chose not to amend his complaint within the time given by the District Court and instead pursued this appeal, indicating his intention to stand on his complaint. See Pa. Family Inst., Inc. v. Black, 489 F.3d 156, 162 (3d Cir. 2007) ("[T]he

2

plenary review over the District Court's dismissal of Kennedy's complaint for lack of standing. N. Jersey Brain & Spine Ctr. v. Aetna, Inc., 801 F.3d 369, 371 (3d Cir. 2015). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies. U.S. Const. art. III, § 2. "That case-or-controversy requirement is satisfied only where a plaintiff has standing." Sprint Commc'ns Co., L.P. v. APCC Servs., Inc., 554 U.S. 269, 273 (2008). To establish Article III standing, a plaintiff must demonstrate: "(1) . . . an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Cottrell v. Alcon Labs., 874 F.3d 154, 162 (3d Cir. 2017). The alleged injury to the plaintiff must be "actual or imminent, not conjectural or hypothetical." Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 278 (3d Cir. 2014). Accordingly, a plaintiff lacks standing to raise "a generally available grievance about government" that "claim[s] only harm to his and every citizen's interest in proper application of the Constitution and laws, and seek[s] relief that no more directly and tangibly benefits him than it does the public at large." Lujan v. Defs. of Wildlife, 504 U.S. 555, 573-74 (1992).

---

§ 1291 finality requirement should be given a practical rather than a technical construction.") (internal quotation marks omitted).

3

Kennedy's complaint raises only a generalized grievance, alleging that a state statute is unconstitutional because it somehow injures the public. Kennedy has not explained why he believes that the statute is unconstitutional, or how the existence of the statute has harmed him in any way. Accordingly, because we agree that Kennedy lacks standing to pursue his claims, we will summarily affirm the District Court's judgment.