NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1050
_____

AARON ABADI,
                        Appellant

v.

TARGET CORPORATION,
And Numerous Unnamed Employees of Target Corporation

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:22-cv-02854)
District Judge:  Honorable Chad F. Kenney

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 14, 2023
Before:  JORDAN, CHUNG, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: June 16, 2023)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Aaron Abadi appeals pro se from the District Court's order dismissing his civil rights action. For the reasons set forth below, we will affirm in part and vacate in part the District Court's judgment.

I.

In 2022, Abadi initiated this action in the District Court against Target Corporation and unnamed Target employees. Abadi alleged that, in January 2021, he entered a Target store in Philadelphia and was asked to put on a face mask. According to Abadi, he is unable to wear masks due to a sensory processing disorder.[1] Abadi alleged that his disorder excused him from COVID-19-related mask mandates in place at the time, and that he explained this to Target employees. Nonetheless, according to Abadi, he was told to put on a mask or to leave the store. Abadi contended that, in refusing to allow him to shop without a mask, the defendants discriminated against him based on his disability in violation of Title III of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Pennsylvania Human Relations Act ("PHRA"), conspired to deprive him of his civil rights in violation of 42 U.S.C. § 1985, and neglected to prevent the violation of his civil rights in violation of 42 U.S.C. § 1986.

The District Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed Abadi's §§ 1985 and 1986 claims. The defendants later filed a motion to dismiss the remaining claims under Federal Rule of Civil Procedure 12(b)(1) and (6). On

---

[1] Abadi provided a doctor's note describing his alleged disability as an exhibit to his complaint.

2

January 9, 2023, the District Court granted the motion upon concluding that Abadi lacked standing to pursue injunctive relief under Title III of the ADA and the Rehabilitation Act, and that Abadi failed to state a claim under the Rehabilitation Act and the PHRA.  Abadi timely appealed and challenges the District Court's dismissal of his §§ 1985 and 1986 claims at the screening stage, as well as the decision to grant the defendants' motion to dismiss the remaining claims.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review of dismissals for lack of standing and for failure to state a claim.  See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018); N. Jersey Brain & Spine Ctr. v. Aetna, 801 F.3d 369, 371 (3d Cir. 2015).  To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (citation and quotation marks omitted).

## III.

We agree with the District Court's decision to dismiss Abadi's claims under 42 U.S.C. §§ 1985 and 1986.  As the District Court noted, the intra-corporate conspiracy doctrine provides that "an entity cannot conspire with one who acts as its agent."  Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 313 (3d Cir. 2003); see also Robison v. Canterbury Village, Inc., 848 F.2d 424, 431 (3d Cir. 1988) (applying doctrine to § 1985(3) claim).  While, as Abadi argues on appeal, "a section 1985(3) conspiracy

between a corporation and one of its officers may be maintained if the officer is acting in a personal, as opposed to official, capacity, or if independent third parties are alleged to have joined the conspiracy," Robison, 848 F.2d at 431, Abadi did not make any allegations in his complaint that Target's unnamed employees were acting in their personal capacities in demanding that he wear a mask or leave the store. Thus, the District Court properly dismissed this claim. While Abadi has since argued that Target did *not* approve of its employees' conduct during the incident in question, this contention is inconsistent with the allegations in the complaint and nonetheless does not create a plausible inference that the unnamed employees were acting for their "sole personal benefit" in enforcing a mask requirement. See Heffernan v. Hunter, 189 F.3d 405, 412 (3d Cir. 1999). And because a § 1986 claim cannot be maintained unless a plaintiff has established a cause of action under § 1985, the District Court correctly dismissed the § 1986 claim as well. See Robison, 848 F.2d at 431 n.10.

The District Court also properly dismissed Abadi's ADA claim for lack of standing. Title III of the ADA, which prohibits discrimination on the basis of disability in public accommodations, see 42 U.S.C. § 12182, only provides for injunctive relief, see 42 U.S.C. § 12188(a); Bowers v. Nat'l Collegiate Athletic Ass'n, 346 F.3d 402, 433 (3d Cir. 2003) ("Title III defendants cannot be liable for money damages."). We have held that a Title III plaintiff "lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." Pryor v. Nat'l Collegiate Athletic Ass'n., 288 F.3d 548, 561 (3d Cir. 2002) (quotation

marks omitted). As the District Court noted, Abadi failed to allege facts raising such an inference here. On the contrary, Abadi's allegations pertained to a one-time incident occurring in January 2021, and he acknowledged that Target's in-store mask policy has been lifted and that he has shopped without incident in the months since. Although Abadi has argued that the mask requirement may be reinstated and he may be again prevented from shopping in Target without a mask, his contentions are too speculative to establish Article III standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (reasoning that injury required to establish standing must be "actual or imminent, not conjectural or hypothetical" (quotation marks omitted)); Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 191 (2000) ("[I]f a plaintiff lacks standing at the time the action commences, the fact that the dispute is capable of repetition yet evading review will not entitle the complainant to a federal judicial forum."). We accordingly agree with the District Court that Abadi lacks standing to pursue injunctive relief under Title III.

As for Abadi's claim under the Rehabilitation Act, Abadi failed to demonstrate that Target, a private business, constitutes a "program or activity" covered by the Act. See 29 U.S.C. § 794(b).[2] Abadi has argued, both before the District Court and on appeal,

---

[2] For the same reasons stated above with respect to Abadi's Title III claim, Abadi also lacks standing to pursue injunctive relief under the Rehabilitation Act. Unlike Title III, however, the Rehabilitation Act also provides for money damages. See A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 804 (3d Cir. 2007) (describing remedies available under Section 504 of the Rehabilitation Act).

that Target is subject to the Rehabilitation Act because its in-store pharmacies receive Medicare and Medicaid funding. However, accepted as true, this allegation does not establish that federal "assistance is extended to [Target] . . . *as a whole*." § 794(b)(3)(A)(i) (emphasis added); see also S. Rep. No. 100-64 at 17 (1987) ("Federal financial assistance extended to a corporation or other entity 'as a whole' refers to situations where the corporation receives general assistance that is not designated for a particular purpose."). And Abadi has not made any allegations that Target is "principally engaged in the business of providing education, health care, housing, social services, or parks and recreation." § 794(b)(3)(A)(ii). The District Court therefore properly dismissed this claim.

We will, however, vacate the District Court's dismissal of Abadi's PHRA claim.[3] Like Target (Br. at 33–34), we understand Abadi to claim that Target failed to accommodate his alleged disability by permitting him to shop without a mask.[4] The

---

[3] The District Court dismissed the unnamed defendants from the action to preserve diversity jurisdiction over Abadi's state-law claim, see 28 U.S.C. § 1332, as Abadi did not properly allege state citizenship of those defendants. Abadi does not contest this issue on appeal, so it has been forfeited. M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020).

[4] Although Abadi's contention that his disorder "limits almost all major life activities" because he "cannot function" when something touches his face, see Dkt. #2 at 5, was somewhat conclusory, we have held that a plaintiff "is not required, at this early pleading stage, to go into particulars about the life activity affected by [his] alleged disability or detail the nature of [his] substantial limitations." Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009).

6

District Court concluded that the facts alleged in Abadi's complaint did "not articulate that [Abadi] was denied access to Target *because of* his disability, but, rather, that he was denied access due to a public health emergency and legitimate safety concerns which informed Target's generally applicable mask policy." Dkt. #29 at 14. This analysis focused only on whether Target's refusal to allow Abadi to shop was *motivated by* his alleged disability.

However, that is not a necessary component of a failure-to-accommodate claim; for such a claim, Abadi must instead plead facts raising a plausible inference that (1) he is disabled; (2) Target is a "public accommodation"; and (3) Target "unlawfully discriminated against him on the basis of his disability by (a) failing to make a reasonable modification that was (b) necessary to accommodate his disability." Matheis v. CSL Plasma, Inc., 936 F.3d 171, 175 (3d Cir. 2019) (describing elements of claim under Title III of the ADA); see also Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996) (providing that the PHRA is analyzed under the same standards as its federal counterparts); 16 Pa. Code § 44.21.[5] Thus, the District Court failed to analyze Abadi's claim under the correct standard. See generally Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 306 (3d Cir. 1999) (explaining that disability discrimination "encompasses not only adverse actions motivated by prejudice and fear of disabilities, but also includes failing to make reasonable accommodations for a plaintiff's disabilities"); Brooks v.

---

[5] Unlike Title III of the ADA, the PHRA allows for money damages. See Berardelli v. Allied Servs. Inst. of Rehab. Med., 900 F.3d 104, 126 (3d Cir. 2018).

Colorado Dep't of Corr., 12 F.4th 1160, 1167 (10th Cir. 2021) ("A claim for failure to make a reasonable accommodation does not require a showing of discriminatory motive.").[6]

We will accordingly vacate the District Court's dismissal of Abadi's PHRA claim and remand for further proceedings consistent with this opinion. We will otherwise affirm the District Court's judgment.

---

[6] Target does not directly defend the District Court's decision; instead, Target argues that we may affirm on any ground supported by the record and urges us to affirm the District Court's decision dismissing the PHRA claim based on the "direct threat" exception, which "allows discrimination if a disability 'poses a direct threat to the health or safety of others.'" See Doe v. Cnty. of Centre, PA, 242 F.3d 437, 447 (3d Cir. 2001) (quoting 28 C.F.R. Part 35, App. A at 483); see also 16 Pa. Code § 44.21 (noting that requirement to make reasonable accommodations for individuals with disabilities should not be construed to impose "a demonstrable threat of harm to the health and safety of others"). However, Target did not raise this issue before the District Court, and the District Court did not consider it in dismissing Abadi's claim. We decline to reach this argument in the first instance and express no view on the merits of this or any other defense Target may raise.