**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1188
_____

AARON ABADI,
                    Appellant

v.

MARINA DISTRICT DEVELOPMENT COMPANY, LLC,
doing business as BORGATA HOTEL CASINO & SPA;
MICHAEL SCHULTZ
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:22-cv-00314)
District Judge:  Honorable Christine P. O'Hearn
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2024
Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: August 29, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Aaron Abadi, proceeding pro se, appeals from the District Court's dismissal of his complaint with prejudice. For the following reasons, we will affirm.

I.

In May 2021, Abadi sought to make a reservation for a four-day stay at Borgata Hotel Casino & Spa ("Borgata"). Before that stay, Abadi informed Borgata via email that he would not be able to wear a face mask at the Borgata due to a sensory processing disorder. Borgata's Chief of Security responded that Borgata could not accommodate Abadi's request to stay without wearing a protective face covering. In 2022, Abadi filed a complaint based on those emails against Marina District Development Company, LLC, d/b/a Borgata, and the Chief of Security, alleging claims under Title III of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, 42 U.S.C. §§ 1983, 1985, and 1986, and the New Jersey Law Against Discrimination ("NJLAD"). He sought compensatory and punitive damages, as well as injunctive relief.

The District Court screened Abadi's complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed it without prejudice for lack of standing. Abadi filed an amended complaint, which the District Court also screened. The District Court dismissed Abadi's ADA claim for lack of standing and his other federal claims for failure to state a claim. The District Court also dismissed Abadi's NJLAD claims with leave to amend for the purpose of establishing a jurisdictional basis. Abadi filed a second amended complaint, and Borgata moved to dismiss Abadi's NJLAD claims. The District Court granted Borgata's motion and dismissed the second amended complaint with prejudice. Abadi filed a timely notice of appeal.

2

II.

We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review of the District Court's dismissal of Abadi's claims.  See Curry v. Yachera, 835 F.3d 373, 377 (3d Cir. 2016) (Rule 12(b)(6) motion); N. Jersey Brain & Spine Ctr. v. Aetna, Inc., 801 F.3d 369, 371 (3d Cir. 2015) (dismissal for lack of standing); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (sua sponte dismissal for failure to state a claim).  We may affirm on any basis supported by the record.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).  To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[1]  Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (internal quotations and citation omitted).  Dismissal pursuant to Rule 12(b)(6) may be appropriate where an affirmative defense is apparent on the face of the complaint.  Budhun v. Reading Hosp. & Med. Ctr., 765 F.3d 245, 259 (3d Cir. 2014).

III.

On appeal, Abadi challenges the District Court's dismissal of his federal claims at the screening stage, as well as the District Court's decision to grant the defendants' motion to dismiss the NJLAD claims.

We agree with the District Court's dismissal of Abadi's ADA claim for lack of standing.  Title III of the ADA, which prohibits discrimination on the basis of disability

---

[1] In evaluating whether a Rule 12(b)(6) dismissal was appropriate, we may examine "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  See Davis v. Wells Fargo, 824 F.3d 333, 341 (3d Cir. 2016) (citation omitted).

in public accommodations, see 42 U.S.C. § 12183, only provides for injunctive relief, see 42 U.S.C. § 12188(a); Bowers v. Nat'l Collegiate Athletic Ass'n, 346 F.3d 402, 433 (3d Cir. 2003) ("Title III defendants cannot be liable for money damages."). A Title III plaintiff "lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." Pryor v. Nat'l Collegiate Athletic Ass'n., 288 F.3d 548, 561 (3d Cir. 2002). As the District Court noted, Abadi failed to allege facts raising such an inference here. On the contrary, Abadi's allegations pertained to a one-time incident in May 2021, and Borgata's mask requirement for all guests ended later that month. A possibility that the requirement may be reinstated—and Abadi thus may be again prevented from staying at the Borgata without a mask—is too speculative to establish Article III standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (reasoning that injury required to establish standing must be "actual or imminent, not conjectural or hypothetical" (internal quotations and citation omitted)). We accordingly agree with the District Court that Abadi lacked standing to pursue injunctive relief under Title III.[2]

We also agree with the District Court's decision to dismiss Abadi's claims under the Rehabilitation Act and § 1983. First, Abadi failed to state sufficient facts to support his conclusory assertion that Borgata qualified as a "program or activity receiving Federal

---

[2] For the same reasons, Abadi also lacks standing to pursue injunctive relief under the Rehabilitation Act. The Rehabilitation Act does provide for money damages. See A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 804 (3d Cir. 2007) (describing remedies available under Section 504 of the Rehabilitation Act).

financial assistance," as required to bring a claim under the Rehabilitation Act. 29 U.S.C. § 794(a); see id. at § 794(b)(3)(A) (defining "program or activity"); see generally Castle v. Eurofresh, Inc., 731 F.3d 901, 908-09 (9th Cir. 2013). Second, even if Abadi could show that the defendants were somehow acting as state actors under the circumstances, his § 1983 claim fails because he cannot obtain damages under that statute for violations of the ADA standing alone, see Williams v. Pa. Hum. Rels. Comm'n, 870 F.3d 294, 300 (3d Cir. 2017), and he has not plausibly alleged that his constitutional rights were violated in the circumstances,[3] see generally Lavia v. Pa., Dep't of Corr., 224 F.3d 190, 200 (3d Cir. 2000) ("In comparing the protections guaranteed to the disabled under the ADA . . . with those limited protections guaranteed under the rational basis standard of the Fourteenth Amendment, it is clear that the former imposes far greater obligations and responsibilities on the States than does the latter.").

Finally, Abadi argues that the District Court erred by concluding that defendants properly assessed whether he constituted a direct threat before denying him access to Borgata. We disagree. The NJLAD is interpreted in accord with the ADA, Lawrence v. Nat'l Westminster Bank N.J., 98 F.3d 61, 70 (3d Cir. 1996), and the ADA's direct threat

---

[3] We also agree with the District Court's dismissal of Abadi's § 1985(3) claim. As the District Court explained, in an action against a private conspirator, only two rights are protected under § 1985(3): the right to be free from involuntary servitude and the right to interstate travel. See Brown v. Philip Morris Inc., 250 F.3d 789, 805 (3d Cir. 2001). Abadi did not allege a violation of either of those rights. Because Abadi failed to state a § 1985 claim, the District Court properly concluded that his § 1986 claim should also be dismissed. See Clark v. Clabaugh, 20 F.3d 1290, 1295 (3d Cir. 1994) ("Transgressions of § 1986 by definition depend on a preexisting violation of § 1985." (citation omitted) (cleaned up)).

5

exception "allows discrimination if a disability poses a direct threat to the health or safety of others," Doe v. Cnty. of Ctr., PA, 242 F.3d 437, 447 (3d Cir. 2001) (internal quotations and citations omitted); see also N.J.A.C. 13:13-4.11. We recently affirmed the application of that defense in another case involving Abadi, Abadi v. Target Corp., No. 23-2892, 2024 WL 1715403 (3d Cir. Apr. 22, 2024). As we explained, the denial of access due to a direct threat must be reasonable in light of the available objective medical evidence.[4] See Bragdon v. Abbott, 524 U.S. 624, 649-50 (1998) (explaining that the views of public health authorities, including the Centers for Disease Control ("CDC"), "are of special weight and authority" in this inquiry). When Abadi sought to stay at Borgata in May 2021, the CDC indicated that COVID-19, a highly transmissible respiratory virus, had contributed to more than 580,000 deaths in the United States.[5] See COVID Data Tracker, CDC (May 14, 2021), https://web.archive.org/web/20210514092301/https://covid.cdc.gov/covid-data-tracker/#datatracker-home. Half of the transmissions of the virus occurred from those without symptoms, and "universal masking," especially when indoors with people

---

[4] We also explained in Abadi that it was the *consequence* of Abadi's sensory disorder—that he could not wear a mask—rather than the disorder itself that implicated the significant risk of respiratory transmission of COVID-19. See 2024 WL 1715403, at *2.

[5] We take judicial notice of the CDC's May 2021 information about COVID-19 and its related recommended public health strategies as information publicly available on a government website. See Vanderklok v. United States, 868 F.3d 189, 205 n.16 (3d Cir. 2017); see also Gent v. CUNA Mut. Ins. Soc'y, 611 F.3d 79, 84 n.5 (1st Cir. 2010). Abadi also referred to the CDC guidance about masking in his complaint, so that guidance is incorporated by reference. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

outside of one's household, significantly reduced community transmission of the virus, new infections, and mortality rates. See *Science Brief: Community Use of Cloth Masks to Control the Spread of SARS-CoV-2*, CDC (May 13, 2021), https://web.archive.org/web/20210513204529/https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/masking-science-sars-cov2.html?CDC_AA_refVal= https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fmore%2Fmasking-science-sars-cov2.html. Accordingly, in light of the objective medical evidence and view of the CDC at that time, defendants reasonably denied Abadi's access to Borgata because he was unable to wear a mask.[6] See Doe, 242 F.3d at 448.

We will affirm the judgment of the District Court. Appellees' motion for oral argument is denied.

---

[6] To the extent Abadi raises new allegations in support of his claims, we will not consider those allegations for the first time on appeal. See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 88 n.12 (3d Cir. 2013). We discern no error in the District Court's application of the § 1915(e) standards. We also cannot conclude that the District Court abused its discretion in denying Abadi leave to further amend his federal claims, as amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Abadi also argues on appeal that he was entitled to discovery, but, as discussed above, Abadi alleged insufficient facts to warrant discovery. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (requiring a complaint to state "'enough facts to raise a reasonable expectation that discovery will reveal evidence' of the necessary element" of a claim to survive a Rule 12(b)(6) motion (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).