**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2853
_____

TERRI REYLEK,
Appellant

v.

ANTHONY J. ALBENCE, State Election Commissioner ex Officio
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:23-cv-00932)
District Judge:  Honorable Jennifer L. Hall
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 20, 2025
Before:  RESTREPO, MATEY, and CHUNG, Circuit Judges

(Opinion filed: March 25, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Terri Reylek appeals the District Court's September 25, 2024 order granting defendant's motion to dismiss her complaint for lack of standing. For the reasons discussed below, we will affirm the District Court's judgment.

Because we write for the parties who are familiar with the factual context and procedural history of this case, we recite only the facts that are relevant to our analysis. In 2023, Reylek filed a complaint with the District Court for the District of Delaware, in which she alleged that between July 7, 2020, and May 9, 2023, Appellee Anthony Albence, in his official capacity as the Election Commissioner of Delaware, violated her right to participate in a free and fair election by continuing to use "unlawfully certified" voting machines in both Delaware, generally, and her home county, Kent. Reyleck requested that the Court issue an emergency injunction to preserve evidence and prevent further use of machines, as well as a temporary restraining order requiring both the appellee and Delaware Department of Elections to preserve relevant evidence from 2020 onwards.

In response, appellee Albence filed a motion seeking to have the case dismissed for lack of subject matter jurisdiction and for failure to state a claim. The District Court granted the motion after concluding that it lacked subject matter jurisdiction because Reylek lacked standing to bring a generalized claim that was common to all voters in her state. Reylek then appealed.

This Court exercises plenary review over district court orders dismissing a complaint for lack of standing. N. Jersey Brain & Spine Ctr. v. Aetna, Inc., 801 F.3d 369,

371 (3d Cir. 2015). To establish Article III standing, a plaintiff must demonstrate that she: "'(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" Gill v. Whitford, 585 U.S. 48, 65 (2018) (quoting Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016)). Of these three required elements for standing, the injury-in-fact requirement is "[f]oremost," and requires a plaintiff to demonstrate that she has suffered an "invasion of a legally protected interest" that "affect[s] the plaintiff in a personal and individual way." Id. (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 & n.1 (1992)).

Here, we agree that the injury-in-fact element is outcome determinative. Reylek's complaint alleged a litany of constitutional and statutory violations, all of which stemmed from her underlying claim that her vote, along with the vote of every other citizen in Delaware, may have been diluted by the state's use of uncertified voting machines. Reylek's injury is, therefore, insufficiently particularized to confer standing under Article III. Gill, 585 U.S. at 65-67 (holding that, to establish standing in vote-dilution partisan-gerrymandering case, voters had to show their own district had been packed or cracked; statewide interest in representation was insufficient); Berg v. Obama, 586 F.3d 234, 240 (3d Cir. 2009) (holding that a plaintiff pursuing a claim that President Barack Obama was ineligible to serve as President of the United States, lacked standing because "his 'interest in proper application of the Constitution and laws'" was shared with all voters; and that the "relief he sought would have 'no more directly and tangibly benefit[ed] him than . . . the public at large'") (quoting Lujan, 504 U.S. at 573-74)); see also Lutostanski v. Brown,

3

88 F.4th 582, 586 (5th Cir. 2023); <u>Lake v. Fontes</u>, 83 F.4th 1199, 1202-04 (9th Cir. 2023) (per curiam). Further, because standing is a threshold, jurisdictional issue, the District Court correctly declined to address the merits of Reyleck's claims after establishing that she lacked standing to sue. <u>Gill</u>, 585 U.S. at 73.

Accordingly, the District Court did not err when it dismissed Reylek's complaint, and it did not abuse its discretion in doing so without leave to amend. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).